**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

JOHN HARRIS,

Plaintiff,

v. Case No: 5:25-cv-671-JSM-PRL

HOLIDAY CVS, L.L.C. d/b/a CVS
DRUG STORE #5231,

Defendant.

---

# ORDER

THIS CAUSE is before the Court upon Defendant's Motion to Strike Plaintiff's Expert Disclosure (Dkt. 18). A review of the file reflects that Plaintiff failed to file a response to Defendant's motion so the motion is deemed unopposed under Local Rule 3.01(d) and the Court will strike Plaintiff's purported expert disclosures. The Court also grants the motion on the merits.

## DISCUSSION

This is a premises liability lawsuit arising from a trip and fall incident at Defendant's CVS drug store. The case was initially filed in the Circuit Court of the Fifth Judicial Circuit, in and for Marion County, Florida. Defendant timely removed the action to this Court under diversity jurisdiction.

On December 3, 2025, the Court issued its Case Management and Scheduling Order. In relevant part, Plaintiff's expert disclosure was due on July 15, 2026. Plaintiff did not meet that deadline. Plaintiff did not request an extension of time from CVS to disclose its

expert witnesses, nor did Plaintiff file a motion for extension of time with the Court to do so.

According to CVS, Plaintiff served the expert disclosure on July 30, 2026, after CVS timely served its expert disclosure. CVS moves to strike Plaintiff's expert disclosure because it does not comply with Rule 26 of the Federal Rules of Civil Procedure. Notably, Plaintiff failed to file any response to CVS's motion, so it is deemed unopposed. *See* Local Rule 3.01(d) ("If a party fails to timely respond, the motion is subject to treatment as unopposed."). The motion is also granted on the merits because the Court agrees with CVS that the expert disclosure is deficient.

Specifically, Plaintiff's "expert witness disclosure" was served without the report of the retained expert, without the testimony list of the retained expert, and without a statement of compensation for the retained expert, all required for disclosure of retained experts pursuant to Federal Rule of Civil Procedure 26(a)(2)(B). The disclosure also failed to provide a summary of the facts and opinions to which each of the non-retained, treating witnesses were expected to testify, as required under Federal Rule of Civil Procedure 26(a)(2)(C)(ii).

If a party fails to provide information or identify a witness under Rule 26(a), then the party is not allowed to use that information or witness to supply evidence at trial "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). It is axiomatic that Plaintiff cannot establish Rule 37's standard because Plaintiff never responded to Defendant's motion and, to date, has still not filed any response. So, the Court grants Defendant's motion.

It is therefore **ORDERED AND ADJUDGED** that:

1. Defendant's Motion to Strike Plaintiff's Expert Disclosure (Dkt. 18) is granted.

2. The Court hereby strikes Plaintiff's expert disclosure.

**DONE** and **ORDERED** in Tampa, Florida, this 17th day of September, 2026.

James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record